IN THE MATTER OF THE ESTATE OF ROBERT S. HALE. Deceased, CLARENCE N. HALE, Plaintiff and Appellant, v. Margaret J. Samson, Administratrix, Defendant and Respondent.

No. 9874.

Submitted December 2, 1959. Decided January 5, 1960.

348 Pac. (2d) 129.

See **C. J. S.** Executors and Administrators, § 1034.

Leo J. Kottas, Helena, argued orally for appellant.

Paul W. Smith, J. Miller Smith, Chadwick H. Smith, Helena, for respondent. Chadwick H. Smith argued orally.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal by one of the heirs at law of one Robert S. Hale, deceased, from an order of the District Court confirming the sale of certain real estate after the objecting heir had filed objections to such confirmation of sale.

There is no dispute as to the facts. The deceased left a will disposing of his property to his heirs and appointed J. Miller Smith and Jess C. Ricker, executors thereof, and gave them certain powers of sale and/or lease, etc., as will be set out hereafter in specific clauses from the will. Thereafter he passed away, his will was admitted to probate, and the estate has re-

mained in probate since the year 1921. By the terms of the will some trusts were created during the lives of one Lutie Gibson White and Sue Gibson, who are now deceased. The named executors in the will are also deceased, and after their deaths one White was appointed as administrator, and upon his death, David R. Smith was appointed, and upon his death, Walter G. Samson, the Public Administrator, was appointed administrator *de bonis non cum testamento annexo*.

Subsequent to the filing of this appeal, the wife of Walter G. Samson has been substituted as administratrix, she succeeding to the office upon his death.

On May 27, 1957, Walter Samson filed his amended return and account of sale of real estate and petitioned for confirmation thereof. Prior to the return and account, no petition was filed seeking an order of the court to sell said real estate and no order to show cause was issued or served on the heirs, or published in the newspaper, or posted. All legacies and bequests provided by the will have been paid, except for the undivided cash in the hands of the executrix as the proceeds of certain sales of estate property for distribution as provided in the will after the payment of current expenses. A partial distribution to the distributees named in the will has been made and the balance will be paid upon the closing of the estate unless unexpected delay indicates that another partial distribution would be advisable as provided in paragraph Eighth of the will.

There are no unpaid creditors' claims in the estate and no bills against the estate except the present attorney's and administrator's fees.

On May 27, 1957, Walter Samson filed his return and account of sale praying for confirmation. To this return, the appellant, one of the heirs, filed objections objecting on the following grounds: That the sale is not necessary to pay debts, family allowances, legacies, expenses of administration and is not for the best advantage, benefit or interest of minor heirs

and will not alleviate hardship or expense to said estate, and said estate is ready to be closed, and to keep it open is wasteful of estate property; that no petition for sale was filed as required by R.C.M. 1947, section 91-3002; that no order of sale was made as required by R.C.M. 1947, section 91-3008; that no order to show cause was issued as required by R.C.M. 1947, section 91-3003, and that no order to show cause was ever mailed to the heirs or published in a newspaper as required by R.C.M. 1947, section 91-3004; and that by reason of the foregoing the District Court had no jurisdiction to confirm the sale.

This estate, having been in probate since 1921, now includes some 95 heirs at law living all over the nation. The administrator gave to the probate court as one of his reasons for the sale, the tremendous problem of distribution in kind of real estate consisting of mining claims of doubtful value. The receipts of the sale here involved were $1,018. According to a list of partial distributees contained in the record, the share of the appellant here would be represented by a fraction of $181.82/$36,000 or less than one-half of one percent. This share of the dollar value of the prpoerty in question is just $5.60. In other words, this appeal concerns a $5.60 law suit! This amazing amount exemplifies more than anything just why the administrator sought court approval of the sale so that a distribution might be made and the estate finally closed.

In this connection the appellant did not nor does not charge fraud or collusion or an insufficient price in the sale. His sole contention is that the statutory sale proceedings were not followed and that the provisions of the will did not permit the private sale as will be set out more fully hereafter.

The appellant specifies as error the order of the District Court affirming the sale of the *administrator de bonis non cum testamento annexo,* which sale was made under the terms of paragraph Nine of the will, without notice and upon such terms

as the executor or administrator saw fit but under supervision of the District Court, of course.

As expressed by the appellant, the sole question involved in this appeal is the right of the *administrator de bonis non cum testamento annexo* (hereafter referred to simply as the administrator) to exercise the powers granted in the will to a certain named individual to exercise his discretion in making a decision whether or not real property of the estate should be sold.

R.C.M. 1947, section 91-1308, provides:

"Administrators with the will annexed have the same authority over estates which executors named in the will would have, and their acts are as effectual for all purposes. Their letters must be signed by the clerk of the court, and bear the seal thereof."

The will provides in the first paragraph for funeral; the second paragraph provides for a monument; the third paragraph provides for payment of funeral expenses, last illness and all debts and costs of administration; the fourth paragraph of the will sets up a specific trust arrangement for two nieces during their lifetime with the executors of the estate being named trustees, and provides for specific provisions of trust; the fifth paragraph is a bequest to a grandnephew of a diamond stud and gold watch and chain; the sixth paragraph provides for specific bequests in specific amounts; the seventh paragraph provides for bequests of all the rest, residue and remainder of the estate equally per stirpes; the eighth paragraph provides for partial payments in the hands of the executors; and the ninth paragraph is as follows:

"Ninth: I expressly authorize and empower my Executors hereinafter named to sell and convert into cash any and all of my property, real and personal, except such as is herein reserved from sale, at such time or times and in such parcel or parcels and at public or private sale and with or without notice and to such person or persons and upon such terms and for cash or part cash and part deferred payments, and to lease any part

or all of my real estate, and to invest and reinvest the proceeds of any such sales, as to my said executors shall seem proper, without the necessity of obtaining any order or authority in that behalf from any court, judge or tribunal; and I hereby further expressly authorize my said Executors to compromise, adjust or settle any claim or claims that may be presented against or in favor of my estate in such way or manner as to them may appear to be for the best interests of my estate without the authority or order of any court, judge or tribunal therefor.

"*Lastly:* I hereby nominate and appoint J. Miller Smith, now residing at Helena, Montana, and Jess C. Ricker now residing at said Helena, Montana, as the Executors of this my last will and testament and as Trustees to make the investments and hold the real estate reserved from sale and to carry out and discharge each trust herein created. And I hereby revoke all former wills by me made."

The appellant states:

"At the time the deceased made his Will he personally had faith in two persons, J. Miller Smith and Jess C. Ricker, and he appointed them as executors of his estate * * * and being friendly with them and having faith in them he reposed in their integrity certain powers * * *."

This statement is not borne out by the record. The only thing before us is the provision in the will previously quoted which is no more than a routine appointment of executors with broad powers as shown in paragraph "Ninth" and "Lastly." The testator's intent is to be ascertained from the terms of the will. R.C.M. 1947, section 91-202.

This court has determined the meaning of section 91-1308 in In re Livingston's Estate, 91 Mont. 584, 9 Pac. (2d) 159, 90 A.L.R. 1036. There we dealt with the power of an ancillary administrator in Montana to sell real estate of the estate under executorial powers granted in the will of Sarah P. Livingston. The will left the sale of any and all real and personal prop-

erty to the discretion of the executor. The Montana administrator *cum testamento annexo* proceeded with the administration under the terms of the will and eventually sold the Montana real estate pursuant to the terms of the will. This court, in the Livingston case, supra, 91 Mont. at page 595, 9 Pac. (2d) at page 163, said:

"The Montana administrator has ample power to proceed to sell without the court order; he has the same power as the executor would have had" and there cited R.C.M. 1947, section 91-1308, and the California case of Kidwell v. Brummagim, 32 Cal. 436, 437. This court did not find it necessary to labor the point whether the powers in the will were executorial or personal but relied on the wording of the statute. Section 91-1308 makes no distinction between executorial or personal powers.

Under the terms of the will in question here, we do not feel it necessary to labor the point of whether or not there are two classes of power under the statute. The provisions of the will did not make the powers personal powers, but merely executory.

The appellant attempts in his brief to make a distinction between two classes of cases, that is, one class where the executor is named personally and the other class where just the office of executor is named. We hold that under section 91-1308 and the Livingston case, supra, the power to sell real estate, by private sale as described in paragraph Nine of the will, passed to the administrator with the will annexed.

The judgment of the district court is affirmed.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES ADAIR, ANGSTMAN and BOTTOMLY concur.